954 So.2d 675 (2007)
Shelly JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1048.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals an order revoking her probation and adjudicating and sentencing her on a violation of probation. She argues the trial court lacked jurisdiction to conduct the violation of probation hearing as her probation had expired prior to the filing of the affidavit of violation. We agree and reverse.
The defendant entered a no contest plea to uttering a forged instrument and grand theft. On August 5, 2003, the trial court withheld adjudication and placed her on eighteen months of probation. The next month, the defendant tested positive for opiates and cannabis. Her probation officer *676 filed a violation of probation. The defendant admitted the violation. On October 21, 2003, the trial court reinstated her probation, modified it to drug offender probation, and extended the term for eighteen months from the date of the order.
In February 2004, the probation officer filed a second violation of probation when the defendant unlawfully operated a motor vehicle while her license was suspended, cancelled, or revoked. Once again, the defendant admitted the allegations. In April 21, 2004, the trial court reinstated drug offender probation and ordered the defendant to complete forty hours of community service. According to the orders, the trial court did not extend the term of probation.
On October 5, 2005, nearly two years after the trial court entered the order for eighteen months drug offender probation, the trial court issued a warrant for the defendant's arrest for her failure to report to the probation officer in September 2005. The trial court conducted a hearing on February 17, 2006. The defendant admitted the violation. The trial court adjudicated the defendant guilty, revoked her probation, and sentenced her to concurrent terms of a year and a day with credit for time served.
The defendant argues on appeal that the trial court lacked jurisdiction to conduct the violation hearing in February 2006 because her term of probation had expired. The State responds that the defendant failed to provide an adequate record to support her position because the defendant admitted during the hearing that her probation was extended a second time in April 2004. The record supports the defendant's position, however.
The defendant's challenge to the trial court's jurisdiction raises a jurisdictional question that is fundamental and capable of being raised for the first time on appeal. Otero v. State, 793 So.2d 1115, 1116 (Fla. 4th DCA 2001) (citing Hebb v. State, 714 So.2d 639, 639-40 (Fla. 4th DCA 1998)).
"Upon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed." § 948.04(2), Fla. Stat. (2005); State v. Hall, 641 So.2d 403, 404 (Fla.1994). A violation of probation must be set in motion prior to the termination of the period of probation. Carroll v. Cochran, 140 So.2d 300, 301 (Fla.1962).
In the instant case, the trial court placed the defendant on probation in August 2003, for a term of eighteen months, expiring in February 2005. However, the trial court extended her probation by eighteen months on October 21, 2003, correspondingly extending the termination date to April 2005. The second time the trial court reinstated the defendant's probation, it did not extend the term.
The officer filed the current violation in September 2005, five months after the defendant's probationary term expired. The fact that the defendant continued to report to her probation officer after her probation expired is irrelevant. Quite simply, the trial court lacked jurisdiction to hear the violation of probation.
We therefore reverse and remand with instructions to the trial court to vacate the adjudication of guilt and sentence on the September 2005 violation of probation.
Reversed and Remanded.
STEVENSON, C.J., and KLEIN, JJ., concur.