ALTENBERND, Judge.
 

 Angel J. Vidaurre appeals an order revoking his community control for three separate offenses and the three concurrent sentences imposed in connection with that revocation. We affirm the order revoking his community control. We also affirm the sentences for unlawful sexual activity with a minor and possession of a firearm by a convicted felon. We reverse the sentence for possession of cocaine because, as the State correctly concedes, Mr. Vidaurre’s term of probation had expired long before he was alleged to have violated his probation as to that third-degree felony.
 

 In 1999, the State charged Mr. Vidaurre by information with two second-degree felonies, unlawful sexual activity with a minor and possession of a firearm by a convicted felon, and with one third-degree felony, possession of cocaine. On June 26, 2001, Mr. Vidaurre entered a no contest plea to
 
 *1207
 
 all three offenses. He was sentenced to ten years’ probation for the second-degree felonies and to five years’ probation for the offense of possession of cocaine. He was thereafter found to have violated the terms of his probation four times, and his probation was continued after each violation.
 

 On September 25, 2007, an affidavit was filed alleging that Mr. Vidaurre had violated his probation a fifth time. On September 28, 2007, the trial court found that Mr. Vidaurre violated his probation and sentenced him to two years’ community control. The order of community control purported to apply to all three offenses even though the term of probation for the offense of possession of cocaine had expired in June 2006. Thereafter, on May 16, 2008, he was found to have violated his community control and was sentenced to three concurrent terms of imprisonment for eighty-four months.
 

 “A violation of probation must be set in motion prior to the termination of the period of probation.”
 
 Jones v. State,
 
 954 So.2d 675, 676 (Fla. 4th DCA 2007);
 
 see also
 
 § 948.04(2), Fla. Stat. (2001);
 
 State v. Wimberly,
 
 574 So.2d 1216, 1217 (Fla. 2d DCA 1991) (“A trial court lacks jurisdiction to revoke probation for violations which occur during the period of probation unless the revocation process is set in motion during the probationary period.”). Here, in light of his scoresheet, Mr. Vidaurre’s probationary term could have been longer than five years, but it ended in June 2006 because the trial court continued his probationary term instead of extending it. Since the next violation of probation was not set in motion before the period of probation ended, the trial court lacked jurisdiction to find Mr. Vidaurre in violation of his probation on September 28, 2007.
 
 See Jones,
 
 954 So.2d at 676. The eighty-four month terms of imprisonment for the other two offenses are substantial downward departure sentences and are unaffected by this error.
 

 Affirmed in part; reversed in part; and remanded.
 

 DAVIS and SILBERMAN, JJ., Concur.