BENTON, J.
 

 We have for review a final order declaring documents that Rodale, Inc., (“Ro-dale”) produced — in compliance with investigatory subpoenas — to the Department of Legal Affairs, Office of the Attorney General (“AG”) to be trade secrets, and therefore exempt from disclosure as public records, pursuant to section 815.045, Florida Statutes (2009), even though now in the AG’s hands. Except as to the complaints Rodale’s customers made and Rodale’s responses to the complaints, we affirm.
 

 Rodale is a seller of books and magazine subscriptions whose sales practices the AG is or was looking into. After Rodale complied with the subpoenas duces tecum, James, Hoyer, Newcomer, Smiljanich, & Yanchunis, P.A., a self-described investigative law firm specializing in consumer protection issues, filed a public records request with the AG seeking access to the documents, on the authority of section 119.07, Florida Statutes (2009). Thereupon Rodale filed in circuit court seeking declaratory relief and an injunction to prevent the AG’s disclosing what Rodale asserted were trade secrets. The law firm intervened in this lawsuit, contending that none of the documents at issue qualified as trade secrets. After an evidentiary hearing, however, the trial court ruled the documents exempt from disclosure as public records, precipitating the present appeal.
 

 Some 5,000 documents are in dispute, all of which Rodale marked confidential before furnishing to the AG. Access to these documents was requested under seven headings, but the trial court characterized them more generally this way: “Most of the documents identified by Rodale to be trade secrets are either customer lists or contain information derived from customer lists (customer name, address, email, payment histories, etc.). Other documents identified by Rodale to be confidential are vendor contracts and documents related to the contracts, as well as documents related to its marketing and product development.” Distinct from these broader categories is the category of customer complaints, including logs of complaints received by e-mail, and Ro-dale’s responses to customers’ complaints.
 

 A private party cannot render public records exempt from disclosure merely by designating material it turns over to a governmental agency confidential. “Neither the desire for nor the expectation of non-disclosure is determinative.”
 
 Sepro Corp. v. Fla. Dep’t of Envtl. Protection,
 
 839 So.2d 781, 784 (Fla. 1st DCA 2003) (citing
 
 Shevin v. Byron, Harless, Schaffer, Reid and Assocs., Inc.,
 
 379 So.2d 633, 635 (Fla.1980)). “It is of no consequence that [a party furnishing information to an executive branch agency] wishes to maintain the privacy of particu
 
 *388
 
 lar materials filed with the department, unless such materials fall within a legislatively created exemption to Ch. 119, F.S.” Op. Att’y Gen. Fla. 90-104, at 323 (1990).
 
 See also
 
 Ops. Att’y Gen. Fla. 95-58, at 179-80 (1995) & 80-31, at 79 (1980).
 

 The legislatively created exemption at issue here is set out in section 815.045, Florida Statutes (2009), which exempts from disclosure as public records trade secrets, as defined by section 812.081, Florida Statutes (2009), which latter provision reads:
 

 “Trade secret” means the whole or any portion or phase of any formula, pattern, device, combination of devices, or compilation of information which is for use, or is used, in the operation of a business and which
 
 provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it.
 
 “Trade secret” includes any scientific, technical, or commercial information, including any design, process, procedure, list of suppliers, list of customers, business code, or improvement thereof. Irrespective of novelty, invention, patentability, the state of the prior art, and the level of skill in the business, art, or field to which the subject matter pertains, a trade secret is considered to be:
 

 1.
 
 Secret;
 

 2. Of value;
 

 3. For use or in use by the business; and
 

 4. Of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it
 

 when the owner thereof takes measures to prevent it from becoming available to persons other than those selected by the owner to have access
 
 thereto for limited purposes.
 

 § 812.081(l)(c), Fla. Stat. (2009) (emphasis added). Whether information qualifies as a trade secret “necessarily rests on factual determinations that are assailable on appeal only if unsupported by competent, substantial evidence.”
 
 Sepro,
 
 839 So.2d at 785.
 

 The trial court made detailed factual findings after a two-day evidentiary hearing, which we decline to disturb. The trial court ruled that lists of potential subscribers and book purchasers embedded in Rodale’s massive data bank or which could be produced from the data bank qualified as a “compilation of information which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it.” § 812.081(l)(c), Fla. Stat. (2009). This comports fully with our decision in
 
 Inland Rubber Corp. v. Helman,
 
 237 So.2d 291, 295-96 (Fla. 1st DCA 1970), where, in reversing summary judgment, we held that a customer list can qualify as a trade secret.
 
 See also Sethscot Collection, Inc. v. Drbul,
 
 669 So.2d 1076, 1078 (Fla. 3d DCA 1996);
 
 E. Colonial Refuse Serv., Inc. v. Velocci,
 
 416 So.2d 1276, 1278 (Fla. 5th DCA 1982) (“A customer list can constitute a ‘trade secret’ where the list is acquired or compiled through the industry of the owner of the list and is not just a compilation of information commonly available to the public.”). That such lists are bought and sold proves their commercial value— not the contrary—and suggests the lack of ready public availability. We affirm the trial court’s ruling on this point, as well as its ruling that Rodale’s contracts, reports and communications with and from its suppliers and other vendors constitute trade secrets.
 

 But we conclude that treating customer complaints and responses as nothing more than partial customer lists was legal
 
 *389
 
 error. Viewed as a species of customer list, information in the customer complaints represents an inconsequential na-nofraction of data Rodale has collected (on some 67 million persons) and organized for commercial purposes. Customer-generated complaints and Rodale’s responses to them are not “customer lists” in any usual sense.
 

 Although the complaints and responses do contain some customers’ names, addresses, and product information, the complaints and responses are both more and less than a mere subset of the “customer lists” (potential or extant) deemed protected trade secrets. More, because Rodale has no proprietary claim to the complaints or to the written responses it sends disgruntled customers. Rodale has no legal right or practical ability to take measures to prevent the dissemination of the complaints customers make or of responses they have received. Less, because the names, addresses and product information in customers’ complaints could not realistically serve as a basis for extrapolating a commercially useful customer list, to Ro-dale’s competitive disadvantage.
 

 Information in customers’ complaints and responses Rodale makes is not secret and is not Rodale’s to control. In concluding that the customer complaints and responses are not trade secrets, we perceive no “public [or] private harm” that would “significantly outweigh [the] public benefit” from disclosure, notably “the public’s ability to scrutinize and monitor agency action” concerning practices of which customers have complained. § 815.045, Fla. Stat. (2009). Rodale did not prove that the complaints and responses “provide[d] the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use” their contents. § 812.081(l)(e), Fla. Stat. (2009).
 

 Accordingly, the judgment is affirmed as to all the materials in the AG’s possession, except the complaints Rodale’s customers made and Rodale’s responses to the complaints. As to these documents, the judgment is reversed, and the matter is remanded for further proceedings, including dissolution of the injunction against the AG insofar as it forbids disclosure to appellant of complaints by Rodale’s customers and Rodale’s responses to the complaints.
 

 HAWKES, C.J. and LEWIS, J., concur.