PER CURIAM.
Defendant Bonifacio Gonzalez-Ramos was adjudicated in violation of his probation and sentenced to four years in prison. The issue we must resolve is whether appropriate steps were taken to have the violation of probation process set in motion prior to the expiration of the term of Defendant’s probation. Because it is clear, based on the particular facts and circumstances of this case, that the affidavit of violation was filed and the warrant was issued after the term of probation expired, *68 the trial court lacked jurisdiction to find Defendant in violation and sentence him to forty-eight months in prison.[1]
On July 14, 2005, Defendant entered a plea of no contest to aggravated assault with a deadly weapon and was placed on two years’ probation. His term of probation was, therefore, due to expire on July 14, 2007. He twice violated his probation. On July 18, 2006, an affidavit of violation was filed and a warrant was issued the following day. On September 5, 2006, Defendant was found in violation and his probation was continued.[2] On November 27, 2006, another affidavit was filed and, on January 10, 2007, Defendant was found in violation. His probation was once again continued. Indeed, the State concedes that in each instance, the original term of probation was continued by the trial court.
The issue in the instant case stems from an asserted third violation of probation occurring when Defendant failed to report to his probation officer in August and September 2007. Although the term of his probation ended on July 14, 2007, on September 17, 2007, an Affidavit of Violation of Probation was filed charging these failures to report and specifying the failure to make certain payments, and an accompanying arrest warrant was signed September 19, 2007. Amended affidavits of violation of probation were filed September 21, 2007, February 11, 2008, and March 28, 2008. We note that all of the allegations of violation occurred after July 14, 2007. The violation of probation hearing was held on June 9, 2008, and Defendant was found in willful violation and sentenced to forty-eight months in prison.
Defendant appeals, contending that the trial court lacked jurisdiction to determine the affidavit of violation of probation and its amendments where the original and all amendments were filed after his probationary period had expired. The State correctly concedes that once a term of probation has expired, a trial court lacks jurisdiction to entertain a revocation proceeding based upon a violation that occurred during the term of probation unless, during the term of probation, “appropriate steps” were taken to address the alleged violation. Shenfeld v. State, 14 So.3d 1021, 1023 (Fla. 4th DCA) (“It is axiomatic that ‘[o]nce a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.’”) (quoting Clark v. State, 402 So.2d 43, 44 (Fla. 4th DCA 1981)), review granted, 29 So.3d 292 (Fla.2009); *69 Jones v. State, 964 So.2d 167, 170 (Fla. 5th DCA 2007) (“Once a term of probation expires, a court lacks jurisdiction to entertain an application for a revocation of probation based upon a violation that occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.”); see also § 948.04(2), Fla. Stat. (2007) (“Upon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed”). However, the State utilizes the tolling provisions in section 948.06(1), Florida Statutes, to contend that the two prior violations tolled the period of probation and that the total period of time between the issuance of the warrant and the hearing on those alleged violations should be tacked onto the end of the original period of probation to automatically extend the probation period beyond the July 14, 2007, termination date.
We do not believe that the provisions of section 948.06 or the cases applying the tolling provisions of that statute lend support for the interpretation advanced by the State that each and every violation period (the time between the issuance of the warrant and adjudication of the violation allegations) prior to the expiration date of the probation term should be applied to the end of the originally imposed term to automatically extend the term by the total of the violation periods when each violation resulted in a continuation of the original term of probation. Here, Defendant violated his probation twice during the original term of his probation. The trial court could have appropriately extended Defendant’s term of probation each time he was found in violation. See, e.g., Eddie v. State, 983 So.2d 570 (Fla. 1st DCA 2006) (holding that probation may be enhanced, either by extension of the period or by addition of terms). However, the court did not avail itself of that option; instead, it simply continued the originally imposed term of probation that would expire on July 14, 2007. In Vidaurre v. State, 8 So.3d 1206 (Fla. 2d DCA 2009), for example, the defendant was placed on a five-year term of probation for the offense of possession of cocaine and violated his probation four times. Each time, the court continued the defendant’s probation. After the expiration of that five-year term of probation, the defendant was charged with a fifth violation and was subsequently adjudicated in violation. In holding that the trial court lacked jurisdiction to hear the violation, the court explained:
“A violation of probation must be set in motion prior to the termination of the period of probation.” Jones v. State, 954 So.2d 675, 676 (Fla. 4th DCA 2007); see also § 948.04(2), Fla. Stat. (2001); State v. Wimberly, 574 So.2d 1216, 1217 (Fla. 2d DCA 1991) (“A trial court lacks jurisdiction to revoke probation for violations which occur during the period of probation unless the revocation process is set in motion during the probationary period.”). Here, in light of his score-sheet, Mr. Vidaurre’s probationary term could have been longer than five years, but it ended in June 2006 because the trial court continued his probationary term instead of extending it. Since the next violation of probation was not set in motion before the period of probation ended, the trial court lacked jurisdiction to find Mr. Vidaurre in violation of his probation on September 28,2007.
Vidaurre, 8 So.3d at 1207.
Similarly, in Jones v. State, 954 So.2d 675 (Fla. 4th DCA 2007), the trial court placed the defendant on probation in August 2003, for a term of eighteen months, expiring in February 2005. The defendant *70 violated shortly thereafter and the trial court extended her probation by eighteen months on October 21, 2003, correspondingly extending the termination date to April 2005. After the defendant violated a second time, the trial court continued the defendant’s probation but did not extend the term. After the probationary term expired, the defendant was again charged with a violation, and the court held that since the affidavit was filed after the probationary term expired, the court did not have jurisdiction to hear the violation. The court further held that “[t]he fact that the defendant continued to report to her probation officer after her probation expired is irrelevant. Quite simply, the trial court lacked jurisdiction to hear the violation of probation.” Id. at 676.
Here, the trial court thrice ordered that Defendant’s probation would expire on July 14, 2007 — once when the plea was entered and twice after each violation. The violation process for the current violations was not set in motion prior to the expiration of that term of probation and, therefore, the trial court lacked jurisdiction to hear the violation allegations. Accordingly, we reverse the order finding Defendant in violation of his probation and remand with instructions to the trial court to vacate the four-year prison sentence. See Jones.
REVERSED and REMANDED.
MONACO, C.J., SAWAYA and PALMER, JJ., concur.

. In 2007, the Legislature amended section 948.06(l)(d), Florida Statutes, to provide that "[u]pon the filing of an affidavit ... and following issuance of a warrant under s. 901.02, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled ...." § 948.06(l)(d), Fla. Stat. (2007) (emphasis added). The emphasized provisions were added by the amendment, which became effective on June 30, 2007. Ch. 2007-210, § 5, Laws of Fla. As the court explained in Shenfeld v. State, 14 So.3d 1021, 1024 (Fla. 4th DCA), review granted, 29 So.3d 292 (Fla.2009), the addition of these new provisions makes it clear that issuance of the warrant is no longer a necessary requirement to start the violation process if a warrantless arrest was made or a notice to appear was issued. In the instant case, there was no warrantless arrest or notice to appear, so we are only concerned with issuance of the arrest warrant. We make no opinion regarding the applicability of the 2007 amendment to the instant case.

. Each order continuing probation utilizes the term "reinstate.” Reinstatement of probation is the equivalent of continuing it. State v. Daniels, 33 So.3d 749 (Fla. 2d DCA 2010).