MORRIS, Judge.
Robert Daniel Cubero appeals the revocation of his probation for possession of heroin, a third-degree felony, and possession of drug paraphernalia, a first-degree misdemeanor, and the resulting judgments and sentences. On appeal, Cubero contends that the trial court lacked jurisdiction to revoke his probation on the misdemeanor count because his twelve-month probation term on that count had expired in March 2010, two months before the relevant affidavit of violation was filed in May 2010. We agree.
On March 18, 2009, Cubero was placed on three years’ probation for the heroin count and on twelve months’ probation for the paraphernalia count. During the next twelve-month period, two affidavits of violation were filed and the trial court twice modified — but never extended — Cubero’s probation. The second modification order was entered on March 25, 2010, thus ending the tolling period invoked by the filing of the second affidavit of violation. See § 948.06(l)(d), Fla. Stat. (2009). This second modification order also ended Cube-ro’s twelve-month misdemeanor probation term. But in May 2010, a third affidavit of violation was filed, and the trial court revoked Cubero’s probation on both counts *643 in June 2010. Cubero was sentenced to three years in prison on the felony count and to time-served on the misdemeanor count.
Because the twelve-month probation term on the misdemeanor count had expired before the third affidavit of violation was filed in May 2010, the trial court lacked jurisdiction to revoke Cubero’s probation on the misdemeanor count. See Gonzalez-Ramos v. State, 46 So.3d 67, 69 (Fla. 5th DCA 2010). Even though the trial court could have extended Cubero’s misdemeanor probation each of the two times it modified his probation, the trial court did not do so.[1] And the tolling periods that occurred between the filing of each of the first two affidavits and the trial court’s rulings on each of those affidavits did not automatically operate to extend Cubero’s misdemeanor probation term past the originally imposed twelve-month term. See id. (rejecting State’s argument that “each and every violation period (the time between the issuance of the warrant and adjudication of the violation allegations) prior to the expiration date of the probation term should be applied to the end of the originally imposed term to automatically extend the term by the total of the violation periods when each violation resulted in a continuation of the original term of probation”).
Accordingly, we remand for the trial court to strike the portion of the revocation order revoking the probation on the misdemeanor count and to strike the misdemeanor count and sentence of time-served from the judgment and sentence. We affirm the revocation order and judgment and sentence as they relate to the felony count.
Affirmed in part; remanded in part.
DAVIS and VILLANTI, JJ„ Concur.

. In modifying Cubero’s probation either time, the trial court could have extended his misdemeanor probation by the period of time his probation had been tolled, even though it would have exceeded the maximum sentence of twelve months for a first-degree misdemeanor. See § 948.06(2)(f), Fla. Stat. (2009).