IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SURTERRA FLORIDA, LLC.,
ALPHA FOLIAGE, INC. and
REDLAND NURSERY, INC.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellants,

v.                                                             CASE NO. 1D16-4091

FLORIDA DEPARTMENT OF
HEALTH and MICHAEL
BARFIELD,

     Appellees.

_____/

Opinion filed June 9, 2017.

An appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

John L. Wharton and Brittany O. Finkbeiner of Dean, Mead & Dunbar, Tallahassee, for Appellants.

Sarah Young Hodges, Chief Appellate Counsel, Florida Department of Health, Tallahassee, for Appellee Florida Department of Health; Andrea Flynn Mogensen of Law Office of Andrea Flynn Mogensen, P.A., Sarasota, for Appellee Michael Barfield.

PER CURIAM.

Appellants[1] challenge an order finding that the identities and related information of their consultants, investors, and partners do not meet the definition of a trade secret under Florida law. We affirm the trial court's findings regarding investors and partners because appellants did not prove that the names and related information of their individual investors and partners are trade secrets. However, we reverse the trial court's findings regarding appellants' consultants and remand to the trial court to make more specific findings as to whether the particular identities and related information of appellants' consultants meet the requirements of section 812.081(1)(c), Florida Statutes (2015).

## I. Facts

In 2015, appellants submitted applications to the Florida Department of Health (Department) for licenses to operate dispensing organizations for "low-THC cannabis" or "medical cannabis" pursuant to section 381.986(5)(b), Florida Statutes (2015). Appellants indicated that portions of their applications contained confidential trade secrets pursuant to section 812.081, Florida Statutes (2015), and were exempt from disclosure as public records under section 815.045, Florida

---

[1] Appellants Alpha Foliage, Inc., and Redland Nursery, Inc., are nurseries that have applied for licenses to operate dispensing organizations in the State of Florida. Appellant Surterra Florida, LLC, is the contractual agent of Alpha Foliage, Inc., and Redland Nursery, Inc. For the purposes of this opinion, the three entities will be referred to jointly as "appellants."

Statutes (2015). The Department reviewed the applications and appellants' written materials supporting their claimed trade secret exemptions and ultimately found that some portions of the applications were trade secrets under Florida law.

Appellee Michael Barfield submitted a public records request to the Department for the files related to appellants' applications. The Department declined to release to Mr. Barfield appellants' unredacted applications pursuant to section 815.045 but told him that he could retrieve the redacted versions of the applications on its website. Subsequently, Mr. Barfield filed suit for a declaratory judgment that the exemption asserted by the Department does not apply to the redacted portions of appellants' applications.

The trial court held a hearing to examine the documents and to determine whether they contained trade secrets. At the hearing, Robert Jacob Bergmann, the Chief Executive Officer of Surterra Florida, LLC, testified about the alleged trade secret information. Mr. Barfield and his counsel were permitted to hear only a portion of Mr. Bergmann's testimony. [2]

Subsequently, the trial court found that appellants' purported trade secret information falls into the following five categories: (1) investor, consultant, and partner identity; (2) financial structure; (3) security processes and building designs;

---

[2] We do not address the propriety of the ex parte portion of this procedure because it was neither objected to nor raised as an issue on appeal in this case.

3

(4) nursery operations, scientific processes, and business plans; and (5) administrative materials and standard operating procedures. As to the latter four categories of appellants' information, the trial court concluded that they are trade secrets and exempt from disclosure under the Florida public records law. These findings have not been appealed to this Court and are therefore not at issue. As to the first category of appellant's information, however, the trial court found that the identities and related information of appellants' investors, consultants, and partners do not meet the trade secret definition under section 812.081(1)(c). Appellants now seek reversal on appeal as to the court's findings regarding the first category of information.

## II. Analysis

Florida's broad public records policy provides "that all state, county, and municipal records are open for personal inspection and copying by any person." § 119.01(1), Fla. Stat. (2015); see also Art. I, § 24(a), Fla. Const. ("Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf . . . ."). However, the Legislature has made some exemptions to the public records law. One such exemption is that of trade secrets. See § 815.045, Fla. Stat. (2015) ("The Legislature finds that it is a public necessity that trade secret

4

information . . . be expressly made confidential and exempt from the public records law because it is a felony to disclose such records.").

Chapter 381, Florida Statutes (2015), the chapter under which appellants submitted their applications to become dispensing organizations, reflects both Florida's public records policy and the trade secret exemption. Section 381.83(1), Florida Statutes (2015), states that "[r]ecords, reports, or information obtained from any person under this chapter . . . shall be available to the public, except upon a showing satisfactory to the department . . . that such records, reports, or information, or a particular part thereof, contains trade secrets as defined in s. 812.081(1)(c)."

Section 812.081(1)(c), Florida Statutes (2015), defines the term "trade secret" as:

> [T]he whole or any portion or phase of any formula, pattern, device, combination of devices, or compilation of information which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it. "Trade secret" includes any scientific, technical, or commercial information, including any design, process, procedure, list of suppliers, list of customers, business code, or improvement thereof. Irrespective of novelty, invention, patentability, the state of the prior art, and the level of skill in the business, art, or field to which the subject matter pertains, a trade secret is considered to be:
>
> 1. Secret;
>
> 2. Of value;
>
> 3. For use or in use by the business; and

4. Of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it when the owner thereof takes measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.

We apply the competent, substantial evidence standard of review to a trial court's factual determination that documents do or do not contain trade secrets. See Sepro Corp. v. Dep't of Envtl. Prot., 839 So. 2d 781, 785 (Fla. 1st DCA 2003) (holding that the trial court's "finding [that documents at issue contained trade secrets] necessarily rests on factual determinations that are assailable on appeal only if unsupported by competent, substantial evidence"). At issue in this case is whether appellants proved that the identities and related information of their investors, consultants, and partners are trade secrets.

In the hearing before the trial court, Mr. Bergmann testified generally that he and appellants considered all of the redacted information in their applications to be trade secrets. Likewise, he made broad assertions that the identities and related information of appellants' investors and partners met the definition of a trade secret under section 812.081(1)(c). However, appellants did not present evidence showing that the identities and related information of the specific investors and partners at issue established each of the requirements found in section 812.081(1)(c).

Conversely, Mr. Bergmann testified why he believed particular consultants' identities and related information met the trade secret definition based on the

6

information they supplied to appellants. He presented evidence that at least some of the consultants' identities and related information concerned the production process, which met the definition of a trade secret. Further, appellants' consultants differed from their investors and partners.

A "list of suppliers" can qualify as a trade secret according to section 812.081(1)(c). Consultants in the low-THC cannabis and medical cannabis industry can supply organizations with valuable information about how to cultivate, process, transport, and dispense cannabis. A list of such consultants might qualify as a list of suppliers considered to be: secret; of value; for use or in use by the business; and of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it when the owner thereof takes measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes. Therefore, such a list may qualify as a trade secret under section 812.081(1)(c).

However, the trial court did not make any findings as to whether it accepted Mr. Bergmann's testimony as true and whether appellants proved that their list of consultants met each of the trade secret requirements in section 812.081(1)(c). Therefore, we reverse the court's general finding that the list of identities and related information of appellants' consultants is not a trade secret. We do not rule on whether appellants proved that the identities and related information of their

7

consultants are in fact trade secrets. That determination should be made by the trial court. Rather, we instruct the trial court to make specific findings as to whether the list of appellants' consultants meets each of the requirements found in Florida's trade secret definition. Because appellants did not prove that the names and related information of their individual investors and partners are trade secrets, we affirm the trial court's finding that they do not constitute trade secrets.

AFFIRMED in part; REVERSED in part; REMANDED.

WOLF and WETHERELL, JJ., and LESTER, DON H., ASSOCIATE JUDGE, CONCUR.