# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5700
_____

MANAGED CARE OF NORTH
AMERICA, INC.,

    Appellant,

    v.

FLORIDA HEALTHY KIDS
CORPORATION and DELTA
DENTAL INSURANCE COMPANY,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

March 20, 2019

M. K. THOMAS, J.

Managed Care of North America, Inc. ("MCNA"), seeks review of an order compelling disclosure of alleged trade secrets to a business rival. Because the trial court erred, as a matter of law, in application of section 812.081(1)(c), Florida Statutes, and portions of the order are not supported by competent, substantial evidence, we affirm in part, and reverse in part, for the reasons set forth below.

# I. Factual and Procedural History

In late 2015, Florida Healthy Kids Corporation ("FHKC"), a non-profit corporation established by the State of Florida to facilitate children's dental care, began soliciting proposals from administrators of dental programs by issuing an Invitation to Negotiate ("ITN"). MCNA manages dental benefits for Medicaid participants and the Children's Health Insurance Program in Florida, among other states. MCNA and Delta Dental Insurance Company ("Delta"), a competitor, along with two other dental program administrators, submitted proposals for consideration.

MCNA compiled a proposal packet for FHKC which encompassed, among other documents, provider information in two forms: excel spreadsheets and geoaccess maps. In an effort to maintain the secrecy of the provider information, MCNA designated both as protected trade secrets, marking each page as confidential in accordance with section 624.4213, Florida Statutes, and as instructed by the ITN.[1]

After considering all proposals, FHKC awarded contracts to three of four bidders. Delta's proposal was the only bid not chosen. In response, Delta served a public records request on FHKC to "inspect, examine, and copy all of the documents related to MCNA's response to Florida Healthy Kids Dental ITN 2015, including documents that MCNA claimed as 'trade secret' or identified as 'confidential.'"

The matter then took a procedural detour from a traditional public records dispute. Delta did not initiate the litigation under chapter 119, Florida Statutes, to compel production of the documents. Upon receiving notice of the public records request to FHKC, MCNA immediately filed a Verified Complaint requesting a declaratory judgment as to whether the records at issue were

---

[1] MCNA designated other materials as protected trade secrets as well. However, Delta eventually withdrew its challenge regarding all materials with the exception of the excel spreadsheet and geoaccess maps encompassed within proposal packet "Volume II."

exempt from disclosure as "trade secrets." Delta responded by filing an opposed motion to intervene as "an interested party on the side of Defendant, Florida Healthy Kids Corporation," which the trial court ultimately granted. After an evidentiary hearing, the trial court issued an omnibus order finding the subject documents were not protected trade secrets, requiring full disclosure and awarding attorney's fees and costs to Delta as the "prevailing party," but retaining jurisdiction as to amount. MCNA filed this appeal.

## II. Analysis

Section 119.01(1), Florida Statutes, which establishes Florida's broad public records policy, provides "that all state, county, and municipal records are open for personal inspection and copying by any person." *See also* Art. I, § 24(a), Fla. Const. However, the right to inspect or copy public records is not without limitation; the Florida Constitution permits the Legislature to exempt certain public records from disclosure as long as any such laws "state with specificity the public necessity justifying the exemption" and "are no broader than necessary to accomplish the stated purpose of the law." Art. I, § 24(c), Fla. Const.

At issue here is the legislatively created exemption to the public records law under section 815.045, Florida Statutes, which protects trade secrets from disclosure. Section 815.045, establishes that it is a public necessity that trade secrets "as defined in s. 812.081 . . . be expressly made confidential and exempt from public records law. . ." Section 812.081(1)(c), Florida Statutes, defines "trade secret" as:

> [T]he whole or any portion or phase of any formula, pattern, device, combination of devices, or compilation of information which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it. The term includes any scientific, technical, or commercial information, including financial information, and includes any design, process, procedure, list of suppliers, list of customers, business code, or improvement thereof. Irrespective of

novelty, invention, patentability, the state of the prior art, and the level of skill in the business, art, or field to which the subject matter pertains, a trade secret is considered to be:

1. Secret;
2. Of value;
3. For use or in use by the business; and
4. Of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it

*when the owner thereof takes measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.*

§ 812.081(1)(c), Fla. Stat. (emphasis added).

Here, our limited role is to strictly construe section 812.081(1)(c), including its definition of "trade secret," and to determine if competent, substantial evidence exists to support the factual findings of the trial court.[2] The trial court's interpretation of a statute and its application of law to facts are subject to *de novo* review. *See Coventry First, LLC v. State, Office of Ins. Regulation*, 30 So. 3d 552, 556 (Fla. 1st DCA 2010); *Reinish v. Clark*, 765 So. 2d 197, 203 (Fla. 1st DCA 2000). "We apply the competent, substantial evidence standard of review to a trial court's factual determination that documents do or do not contain trade secrets." *Surterra Fla., LLC v. Fla. Dep't of Health*, 223 So. 3d 376, 379 (Fla. 1st DCA 2017) (citing *Sepro Corp. v. Fla. Dep't of Envtl. Prot.*, 839 So. 2d 781, 785 (Fla. 1st DCA 2003)).

---

[2] Florida law establishes multiple trade secret exemptions which arguably set forth different criteria. MCNA has restricted its arguments to the definition of trade secret in section 812.081(1)(c), Florida Statutes. Delta also stipulates to its exclusive applicability.

4

## A. *Excel Spreadsheets*

The excel spreadsheets created by MCNA present provider information separated into the following categories: 1) those providers affiliated with MCNA and treating FHKC patients; 2) providers affiliated with MCNA but who were not yet treating FHKC patients; and 3) "prospective providers" who had yet to contract with MCNA. As to the first two categories, the trial court determined the excel spreadsheets did not constitute trade-secrets because the providers were either known to the public through the MCNA website or were readily accessible to the public by phone request to MCNA. We decline to disturb the trial court's factual findings as to these categories, as competent, substantial evidence supports the determination that the information was readily accessible to the public, and no efforts were taken to protect this information. As to the third category, "prospective providers" not affiliated with MCNA, we find the trial court erred, as a matter of law, in denying the exemption from disclosure.

The trial court improperly interpreted the enumerated portion of section 812.081(1)(c), as setting forth the criteria, inclusive of proof of "value," to prove entitlement to a trade secret exemption. Instead, the enumerated portion of the statutory subsection establishes a presumption of what a trade secret is "considered to be" once the required elements of a trade secret are established, as set forth in the first sentence of the statutory subsection. The first sentence in section 812.081(1)(c) defines "trade secret" as: (1) a "compilation of information"; (2) "for use or is used in the operation of a business"; (3) "which provides the business an advantage or an opportunity to obtain an advantage, over those who do not know or use it"; and (4) the owner of the information "takes measures to prevent it from becoming available to persons other than those selected." § 812.081(1)(c), Fla. Stat.; *see also Sepro Corp.*, 839 So. 2d at 783-84.

Once MCNA met its burden of proving that the spreadsheets were used in the operation of its business, that the information provided an advantage or the opportunity for an advantage, and that MCNA had taken measures to prevent its disclosure, the information is deemed protected trade secrets; and, by its very nature, the trade secrets are considered, as a matter of law, to be

5

"of value." § 812.081(1)(c), Fla. Stat. Thus, the trial court erred in requiring MCNA to prove "value" as a separate and statutorily required element.

Delta defends the trial court's interpretation of section 812.081(1)(c) as requiring the party seeking protection from disclosure to prove "of value" as otherwise, all materials would be exempt if simply branded as "secret." Unquestionably, a reading of section 812.081(1)(c) as automatically entitling a party to a trade secret exemption by merely labelling information as confidential, has been previously condemned, and we do not retreat from sound precedent. *James, Hoyer, Newcomer, Smiljanich, & Yanchunis, P.A. v. Rodale Inc.,* 41 So. 3d 386, 387 (Fla. 1st DCA 2010) (a party may not render public records exempt from disclosure merely by designating information it furnishes a governmental agency as confidential); *See also Sepro Corp.*, 839 So. 2d at 784 (citing *Shevin v. Byron, Harless, Schaffer, Reid and Assocs., Inc.*, 379 So. 2d 633, 635 (Fla. 1980)). For entitlement to the exemption under 812.081(1)(c), the requesting party must not only label the information as secretive, but must also prove a business advantage or an opportunity to obtain an advantage. [3]

Here, uncontroverted testimony showed the life-blood of MCNA's business is winning competitive solicitations in Florida and other states for contracts to manage dental benefits. The documents Delta seeks from FHKC are MCNA's compilation of information about dental services available and potentially available through MCNA's network of providers. MCNA's witnesses confirmed this compilation of information was created solely for FHKC's consideration in the competitive ITN process. This unique listing of provider information was generated with MCNA proprietary software and gives MCNA a competitive business advantage in winning solicitations. In fact, over fifty percent of the available points for the bid proposal scoring were tied to the available provider network, establishing that FHKC

---

[3] Proof of business advantage may be argued as synonymous with evidence "of value." However, this issue is not before us as the parties stipulated the only exemption applicable is section 812.081(1)(c), Florida Statutes.

prefers to award contracts to a company that has not only built an impressive provider network, but is also actively working to expand and grow its provider network by targeting new prospective providers. Thus, the non-public information is important to winning the contract; and, failing to protect the confidentiality of this information would reveal MCNA's regional marketing and contracting strategies to its competitors, thereby, destroying the business advantage this information gives MCNA.

The trial court's erroneous statutory elements test inexorably led to its improper consideration of the evidence presented. The trial court fundamentally misapplied section 812.081(1)(c) to require MCNA, as part of its burden of proof, to prove the information was "of value." In doing so, the trial court diverged from the plain language of the statute at issue, conflated separate and distinct public record exemptions, and perused Webster's dictionary for a definition of "value." The trial court concluded the materials were not protected, in part, because MCNA not only failed to prove the materials were "of value" but of "independent economic value," a definition of "trade secret" improperly extracted from section 688.002(4), Florida Statutes. [4]

Having satisfied the burden of putting forth evidence establishing MCNA compiled the information and that the compilation gave a business advantage, the prospective provider information is, as a matter of law and by its very nature, considered "of value." *Rodale,* 41 So. 3d at 388. Applying the definition of "trade secret" under section 812.081(1)(c), this Court finds the evidence establishes MCNA's entitlement to the exemption and those portions of the excel spreadsheets containing prospective providers are exempt from disclosure.

---

[4] The trial court considered the exemption under section 688.002(4), Florida Statutes, and its definition of "trade secret," although never raised by the parties. The inapplicability of section 688.002(4) to this case distinguishes it from *Office of Insurance Regulation v. State Farm Ins. Co.*, 213 So. 3d 1104 (Fla. 1st DCA 2017) where, by consent of the parties, the "independent economic value" of the information was a required element of proof.

7

## B. *Geoaccess Maps*

MCNA's geoaccess maps showed FHKC where its members were concentrated in relation to all of the various provider categories included on the excel spreadsheets. The maps do not include "prospective provider" information. The trial court reasoned that, because the geoaccess maps only indicated those providers who could be obtained by the public on MCNA's website or by phone request, "there is no trade secret provision applicable to that information." The trial court erred, as a matter of law, in determining that information available to the public can never be considered a protected trade secret. Public information can be subject to trade secret protection, as the time and effort spent compiling and the unique presentation thereof, may render the product a trade secret. *See Surterra*, 223 So. 3d at 380.

Further, the trial court ignored the uncontroverted testimony of MCNA witnesses explaining that the trade secret nature of the geoaccess maps is independently derived from the unique composition of the maps themselves, not just the underlying information utilized to create the maps. More fundamentally, the trial court wholly ignored the uncontroverted evidence that the geoaccess maps cannot be recreated using only publicly available information because these maps are generated using proprietary software unavailable to MCNA's competitors. Thus, while some providers' actual locations may be searchable online or by calling MCNA's offices, the unique formatting and display of that information, as compiled and presented by MCNA specifically for FHKC, cannot be replicated without a competitor obtaining MCNA's Florida geoaccess maps from FHKC and reverse engineering its specialized software. MCNA invested significant time, resources and capital in generating a submittal which would be attractive to FHKC. This investment included not only the labor intensive market research necessary to assemble a proffered provider network that would stand out compared to MCNA's competitors, but also the forethought to create a visually appealing compilation and arrangement of the material itself. As such, the geoaccess maps constitute trade secrets wholly exempt from disclosure.

8

### III. Attorney's Fees & Costs

MCNA challenges the trial court's award of attorney's fees and costs to Delta as the "prevailing party." We recognize the portion of the trial court's order granting fees is a non-final, non-appealable order, as it granted entitlement to fees, but withheld jurisdiction as to the amount to be awarded. *See R.J. Reynolds Tobacco v. Ward*, 141 So. 3d 236, 240 (Fla. 1st DCA 2014). However, we write to assist the trial court in its considerations on remand.

The order, in its current form, fails to specify the party liable for the payment of the fees and costs or the statutory or contractual basis for fee entitlement. Presumably, the trial court relied upon section 119.12, Florida Statutes, as a basis for the award. However, this statutory subsection is not applicable, and the parties conceded as much during oral argument.[5] Delta did not initiate the action under the Public Records Act. The litigation resulted from MCNA's request for a declaratory judgment which Delta joined as a third party intervenor. Accordingly, this is not an action under section 119, Florida Statutes, but a request for a declaratory judgment to determine if the documents at issue constitute trade secrets. Thus, there does not appear to be a basis upon which to award attorney's fees. As portions of the order have been reversed and the attorney fee order is not properly before us, the trial court must reconsider this issue on remand.

### IV. Conclusion

We affirm the trial court's order compelling production of those portions of the excel spreadsheets revealing providers currently affiliated with MCNA, provider categories (1) and (2). We reverse the order on appeal compelling disclosure of those portions of excel spreadsheets which reveal "prospective providers" and the geoaccess maps, in their entirety. We do not rule as to the entitlement of attorney's fees and costs as that portion of the order

---

[5] FHKC further asserts that section 119.12, Florida Statutes, does not apply as a basis for attorney fees and costs as it is not an "agency."

is a non-final, non-appealable order. The case is remanded for entry of an order consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

BILBREY, J., concurs; RAY, J., concurs in result with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

RAY, J., concurs in result only.[6]

I agree with the result reached by the majority on the trade-secret-exemption issues. But because the portion of the trial court's order determining Delta's entitlement to attorney's fees is not properly before this Court to review, I would decline to provide guidance on that issue.

———————————————

Kenneth B. Bell, Michael R. Cavendish, and Lauren V. Purdy of Gunster, Yoakley & Stewart, P.A., Tallahassee, for Appellant.

Nathan A. Adams, IV, of Holland & Knight LLP, Tallahassee, for Florida Healthy Kids Corporation; Thomas P. Crapps, Timothy G. Schoenwalder, and Joy M. Ryan of Meenan P.A., Tallahassee, for Appellees.

---

[6] Judge Ray substituted for Judge Winsor after oral argument in this case.