FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D21-2023
_____

MELODY MICHELLE BAILEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the County Court for Bay County.
Shane R. Vann, Judge.

September 7, 2022

ROBERTS, J.

Appellant raises three arguments on appeal. In her first argument, she contends that the trial court erred by denying her motion to dismiss the affidavit of violation of probation because the trial court did not have jurisdiction to rule on it. She claimed that her probationary period had ended prior to the probation officer filing the affidavit of violation of probation. Finding merit in this first argument and that it controls the outcome of the case, we decline to address Appellant's other two arguments.

*Facts*

On April 1, 2020, Appellant was placed on probation for twelve months. While Appellant was on probation, her probation officer

filed an affidavit with the trial court alleging that she had violated the terms of her probation. When Appellant's case came before the trial court for a hearing on that affidavit, the trial court accepted Appellant's plea of no contest, adjudicated her guilty, gave her a suspended jail sentence, reinstated her probation, and announced that it was reimposing all her prior probationary terms.

In May of 2021, Appellant's probation officer filed an affidavit of violation of probation alleging Appellant violated the terms of her probation again. On June 30, 2021, Appellant's case came before the trial court for a hearing. At the beginning of the hearing, Appellant's trial counsel moved to dismiss the affidavit. Trial counsel argued that Appellant's probation had expired prior to the filing of the May 2021, affidavit of violation of probation. The trial court believed that it had extended Appellant's probation when she came before it for the first violation of probation hearing. Trial counsel argued that the trial court did not extend Appellant's probation because it had not announced that it was extending Appellant's probation. Trial counsel informed the trial court that there was controlling authority from two other district courts of appeal holding that the trial court had to modify or revoke the probation before it could extend Appellant's probation beyond the original probationary term. Even so, the trial court denied the motion.

*Law*

The issue on appeal involves statutory interpretation and application of the law, which are reviewed *de novo*. *Managed Care of N. Am., Inc. v. Fla. Healthy Kids Corp.*, 268 So. 3d 856, 859 (Fla. 1st DCA 2019). Section 948.06, Florida Statutes (2020), states in relevant part:

(1) . . . .

(g) Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant for such violation, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled until the court enters a ruling on the violation. Notwithstanding the tolling of

probation, the court shall retain jurisdiction over the offender for any violation of the conditions of probation or community control that is alleged to have occurred during the tolling period. The probation officer is permitted to continue to supervise any offender who remains available to the officer for supervision until the supervision expires pursuant to the order of probation or community control or until the court revokes or terminates the probation or community control, whichever comes first.

(2) . . . .

(g) Notwithstanding s. 775.082, when a period of probation or community control has been tolled, upon revocation or modification of the probation or community control, the court may impose a sanction with a term that when combined with the amount of supervision served and tolled, exceeds the term permissible pursuant to s. 775.082 for a term up to the amount of the tolled period of supervision.

Based on the plain language of the statute, a trial court has the authority, upon revocation or modification of a defendant's probation, to extend a defendant's probationary period for the period of time her case was tolled. Even though the trial court has the authority to extend a defendant's probation beyond the original probationary term, there is nothing in the statute that automatically extends a defendant's probationary period. Instead, a trial court that wants to extend a defendant's probationary period beyond the original probationary term by adding the tolled period of time may do so only by revoking or modifying the original term. *Cubero v. State*, 65 So. 3d 642, 643 (Fla. 2d DCA 2011); *Gonzalez-Ramos v. State*, 46 So. 3d 67, 68–69 (Fla. 5th DCA 2010).

In *Gonzales-Ramos*, the defendant was placed on probation for two years. 46 So. 3d at 68. The defendant violated his probation twice prior to the expiration of his probationary term. *Id.* Each time a hearing was held, the defendant was found in violation of the terms of his probation, and the trial court continued the defendant's probation, which is the equivalent of reinstating a defendant's probation. *Id.* Later, the State alleged that the

3

defendant violated his probation once again, but by that time, the original term of the defendant's probation had ended. *Id.* The trial court held a hearing on the alleged third violation, found the defendant guilty, and sentenced him to prison. *Id.* On appeal, the defendant alleged that the trial court lacked jurisdiction to consider the third affidavit of violation of probation.[1] *Id.* The State responded that the defendant's probationary period had been extended in accordance with the section 948.06(1) for the amount of time it took to address the defendant's first and second violations of probation. *Id.* at 69. The Fifth District Court of Appeal held that the trial court could have extended the defendant's probationary term beyond the original probationary term after the first and second violations, but failed to do so because it continued (or reinstated) the defendant's probation each time. *Id.* at 69–70.

Likewise, the defendant in *Cubero* was serving a term of probation. 65 So. 3d at 642. The defendant violated his probation twice prior to the expiration of his initial probationary term. *Id.* Each time the parties came before the trial court for a hearing on the affidavit of violation of probation, the court modified the terms of the defendant's probation, but it did not modify the probationary term. *Id.* After the defendant's initial term of probation had expired, the State alleged the defendant violated his probation a third time. *Id.* at 642–43. The trial court sentenced the defendant on the violation of probation, and on appeal, he alleged that the trial court lacked jurisdiction. *Id.* at 643. The Second District Court of Appeal held that even though the trial court could have extended the defendant's probation beyond the original probationary term "each of the two times it modified his probation," it did not. *Id.* Therefore, the trial court did not have jurisdiction. *Id.*

*Analysis*

---

[1] The third affidavit of violation of probation had been subsequently amended, but that is not relevant to the analysis.

4

In the instant case, the trial court announced that it was "reinstating" the terms of Appellant's probation.[2] Because the trial court did not indicate any intent to modify Appellant's probationary period beyond the original probationary period, Appellant's twelve-month probationary period expired prior to the filing of the May 2021, affidavit of violation of probation. As such, the trial court did not have jurisdiction to act on it. *See* § 948.04(2), Fla. Stat. (2020) (once the term of probation has expired, a defendant cannot be sentenced for the crime she was placed on probation for having violated). And because there was precedent from other Florida District Courts of Appeal, this Court had not addressed this point of law, and there was no interdistrict conflict, the trial court should have followed the holdings of the other district courts. *Gartner v. Reverse Mortg. Sols., Inc.*, 322 So. 3d 751, 755 (Fla. 1st DCA 2021).

*Conclusion*

Because the trial court did not have jurisdiction to act on the violation of probation, we reverse the order finding Appellant violated her probation and remand for the trial court to vacate Appellant's 180-day sentence.

REVERSED and REMANDED.

ROWE, C.J., and KELSEY, J., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[2] Although trial courts often use the term "reinstate" probation, the statute offers only three options: revocation, modification, or continuance. *See* § 948.06, Fla. Stat.

Russell S. Wilson, Assistant Regional Conflict Counsel, Panama City; Michael Jerome Titus, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Sharon Traxler and Adam B. Wilson, Assistant Attorneys General, Tallahassee, for Appellee.